**People of the State of Illinois, Plaintiff-Appellee, v. Lawrence Eddy Lingle, Defendant-Appellant.**

Gen. No. 67–62.

Second District.

April 7, 1970.

Rehearing denied April 23, 1970.

John F. Graff, of Freeport, for appellant.

No brief for appellee.

MR. PRESIDING JUSTICE DAVIS delivered the opinion of the court.

Criminal complaints were filed against the defendant, Lawrence Eddy Lingle, on June 28, 1966, wherein he was charged with having committed the offense of rape, aggravated battery, burglary and kidnapping. A hearing was held on these complaints on July 11, 1966, at which time the defendant was present in person, and by Melvin Finer, court-appointed counsel. The State's Attorney was also present and filed a petition asking that the defendant be prosecuted under the Criminal Code rather than under the Juvenile Court Act. The defendant and his attorney consented to such procedure. The court allowed the petition and dismissed the juvenile proceedings. Bond was set for the defendant, and preliminary hearing was set for July 19, 1966.

On July 18, 1966, the Grand Jury of Carroll County returned a seven-count indictment against the defendant wherein he was charged with rape, burglary, aggravated kidnapping, kidnapping and aggravated battery. Upon the return of the indictments on July 20, 1966, at which time the defendant, his previously appointed attorney, and the State's Attorney were present in court, a copy of the indictment with the names of the grand jurors, and the witnesses listed thereon, was delivered to the defendant, along with a list of petit jurors. At this time, the court, in accord with the defendant's desire, appointed attorney Melvin Finer to represent him in connection with these indictments.

On August 1, 1966, the defendant filed a motion to quash the indictment, and a petition was filed by the State's Attorney to have the defendant adjudged to be a sexually dangerous person. Thereafter, the defendant filed a petition for a writ of habeas corpus. This petition and the motion to quash were heard on August 5, 1966. The defendant, the Sheriff of Carroll County, the

Marshall of Sabula, Iowa, the Superintendent and an employee of the Illinois Youth Commission Camp at Savanna, were examined and cross-examined extensively. At the conclusion of the hearing, the court denied the petition for a writ of habeas corpus and the motion to quash the indictment.

Pursuant to motion of the defendant, the court appointed two qualified psychiatrists to examine the defendant to determine his competency to stand trial, and appointed the same psychiatrists to examine him in connection with the petition to have him declared sexually dangerous. These psychiatrists were ordered to report to the court, the State's Attorney, and the defendant. At a hearing on the motion and petition, the reports were admitted in evidence, by stipulation, as all the evidence in connection with the petition and motion.

From these reports the court found that the defendant was competent to understand the nature of the case and the charges against him, to cooperate with counsel in presenting his defense, and to stand trial. The court further found that one psychiatric report indicated that the defendant was sexually dangerous and the other that he was not. Under these circumstances, the court found that he was not sexually dangerous.

On August 31, 1966, the defendant's attorney filed a motion to withdraw as counsel for the defendant because he "refused to co-operate with him and his advice." On September 1, 1966, at which time the defendant, his attorney, and the State's Attorney were present in court, the court discussed the withdrawal of the defendant's attorney, and the defendant stated that he did not wish to cooperate with him. The court then informed the defendant that his attorney would be allowed to withdraw and that George Schirmer would be appointed as his new attorney. On September 2, 1966, the court entered an order which so provided. The defendant was present in court on this occasion.

At the arraignment on September 19, 1966, at which time the defendant and attorney Schirmer were present in court, the State's Attorney nolle prossed Counts 1, 4 and 5 of the indictment. After admonishment, the defendant waived his right to a jury trial and entered a plea of guilty of the crime of burglary, as charged in Count 2; of rape, as charged in Count 3; of aggravated kidnapping, as charged in Count 6; and of aggravated battery, as charged in Count 7 of the indictment. Before accepting his plea, the court advised the defendant of the nature of the charges against him, the consequences of his plea, the penalties as provided by law in connection with such charges, and of his right to a jury trial on these charges. The defendant persisted in his guilty plea and the court accepted it.

Thereupon, the defendant waived a hearing in aggravation and mitigation, and filed a petition for probation, but waived investigation. The court denied the petition and sentenced the defendant to imprisonment in the Illinois State Penitentiary on Counts 2, 3, 6 and 7, as follows:

| Count 2 | Burglary | 10 to 30 years, |
|---------|----------|-----------------|
| Count 3 | Rape | 10 to 30 years, |
| Count 6 | Aggravated Kidnapping | 10 to 30 years, |
| Count 7 | Aggravated Battery | 9 to 10 years, |

and ordered that all of the sentences should run concurrently.

On September 19, 1966, the court, on application of the attorney for the defendant, ordered that, promptly upon admission to the penitentiary, the Department of Public Safety should check certain growths on the defendant's head for malignancy, and should reevaluate his condition relative to being a sexually dangerous person in conjunction with the pertinent portion of his file with the Illinois Youth Commission.

91

The record indicated that on June 28, 1966, the defendant, age 17 years, was a ward of the Illinois Youth Commission and a resident at the Illinois Youth Commission Camp at Savanna. On this date, Camp personnel took the boys on a fishing trip and the defendant walked away from the group. About five hours later, he appeared at the Milwaukee railroad station in Savanna where a passenger train was standing, which he learned was en route to Omaha. When he inquired from a trainman whether he could buy a ticket for Omaha, he was told that a police officer had just notified railroad personnel to be on the lookout for an escapee from the Illinois Youth Camp. The defendant accompanied the trainmen to the police car, but they were unable to locate the officer. The trainman was apparently convinced that the defendant was not the escapee and he was permitted to buy a ticket and board the train.

Almost immediately after the train started to move, the defendant was searched by members of the train crew. They found certain watches, a grip, and other items, which apparently convinced them that the defendant was the escapee. The train was stopped at the bridgetender's shanty in the center of the bridge between Illinois and Iowa where a trainman telephoned the Savanna police station, and then the Sabula, Iowa, police station that the escapee was on the train and would be turned over to the Sabula police to hold for the authorities from Illinois. There was no conflict in the evidence on the foregoing facts.

The defendant contends that a Sabula police officer boarded the train, handcuffed him, removed him from the train and took him to the Savanna police station. However, from the testimony of this officer, the Sheriff of Carroll County, the Superintendent of the Illinois Youth Commission Camp, and a member of his staff, the court found that the Sheriff of Carroll County was notified by radio of the call from the train crew; that he

then went to the Savanna police station and, accompanied by the Superintendent and a staff member of the Illinois Youth Commission Camp, proceeded to the police station in Sabula, where they found the defendant; that the handcuffs placed on the defendant by the Sabula police officer were removed, and handcuffs of the Sheriff were placed on him; and that he was then placed in the back seat of the Sheriff's squad car, between the Superintendent and staff member of the Illinois Youth Commission Camp, and he was returned to the Savanna police station and later taken to the Carroll County jail.

The court found from all the evidence that prior to his return to Savanna, the defendant was wanted only as an escapee from the Illinois Youth Commission Camp; that he was returned to the custody of the Illinois Youth Commission personnel; and that after his return to Savanna, it was then discovered that the defendant was a suspect of the crimes for which he was subsequently indicted.

The court held that extradition was not required for the return of a minor escapee or runaway to the custody of his guardian and, consequently, dismissed the defendant's petition for a writ of habeas corpus, and denied his motion to quash the indictment.

Various appellate counsel appointed on behalf of the defendant have asked leave to withdraw and other counsel have been appointed for him. John L. Graff, his last appointed appellate counsel, has filed a petition for leave to withdraw, accompanied by a brief, in form of suggestions in support of the petition, pursuant to Anders v. California, 386 US 738, 18 L Ed 493, 87 S Ct 1396 (1967). Proof of service indicates that a copy of the petition and brief was mailed to the defendant on December 27, 1969, and that said copy included a copy of the complete record in connection with this proceeding.

On December 31, 1969, the court, on its motion, caused its clerk to direct a letter to the defendant whereby he

was further notified that his appointed appellate counsel had moved to withdraw; that the petition for leave to withdraw contained certain conclusions of his counsel in respect to the merits of the appeal; and that the petition asserted that the appeal was wholly frivolous and void of any contentions to support it.

The letter also notified the defendant of the Proof of Notice, which was attached to the petition; and that the court on its own motion had continued the matter until January 30, 1970, in order to allow him to file, on his own behalf, any additional matters which he believed to be meritorious, or to assert any further reasons why the petition should not be allowed, or why the court, after a review of the record, should not affirm the judgment of the trial court.

The defendant thereafter presented various documents which the court, on its own motion, ordered to be filed and treated as the defendant's response to the petition. The court also, on its own motion, extended to March 2, 1970, the time within which the defendant could file any further responses to the petition.

The petition and brief state that it was counsel's conclusion that the appeal is wholly frivolous, and that only illusory issues are presented: namely, was the removal of the defendant from Iowa without extradition procedures in violation of his constitutional rights; and did lack of advisement of the defendant of his right to call witnesses on his own behalf, or of his right to cross-examine witnesses called by the State, or of the presumption of his innocence until proven guilty beyond a reasonable doubt, violate his constitutional rights?

From the foregoing recitation of the facts and findings of the trial court, it appears that the defendant was a minor at the time he was returned to his Illinois guardian, the Illinois Youth Commission; and that the reason for his return was that he was a runaway. The defendant

94

contends that he was brought back to Illinois as a suspect in connection with the crimes for which he was subsequently indicted. However, the record does not sustain this contention.

■ The record shows that the defendant was at all times a ward of the Illinois Youth Commission. The Youth Commission can only accept a ward through guardianship and custody by the commitment of a delinquent child to it by a circuit court, or through commitment to it of a child convicted of a felony.

The record also shows that runaways from this camp were not infrequent and that upon notification by the Youth Commission Camp officials, the Carroll County and City of Savanna law enforcement officers, along with Camp personnel, would patrol the area to block escape routes and and find the runaways.

We believe that the trial court properly found that all of the evidence indicated that the defendant was considered only as an escapee from the Illinois Youth Commission Camp before he was brought back to Savanna. He was returned as an escapee in the immediate custody of two members of the Illinois Youth Commission Camp staff.

■ Extradition not being required under the constitution or laws for the return of a minor escapee or runaway to the custody of his guardian, even though from one state to another, there is no ground here for the reversal of his sentence on the basis of an alleged violation of a constitutional right.

As further evidence of the lack of merit of this contention, a petition for leave to appeal to the Illinois Supreme Court was filed on behalf of the defendant on the same ground, was docketed as cause No. 40,974, and was denied by the Supreme Court on January 28, 1969.

The defendant also urges that the lack of advisement of his right to call witnesses on his own behalf; or, of his

right to cross-examine witnesses called by the state; or, that there was a presumption of his innocence until proven guilty beyond a reasonable doubt, violated his rights under the Constitution of the United States and the State of Illinois. These contentions are urged in the petition for leave to appeal as a grounds for a possible reversal, and they are without merit.

■■ The defendant did cross-examine witnesses for the State through his appointed counsel and, thus, the contention that he was not advised of his rights in this respect was waived. Legal counsel is appointed for an indigent defendant in order to furnish him with every opportunity for a full and fair trial—the same type afforded to the more affluent. All of the foregoing rights were known to his attorney and, thus, in essence, were known to him since his attorney acted on his behalf.

■ ■ In the case at bar, the defendant entered a plea of guilty. He was fully advised of his right to a trial by jury which he understandingly and knowingly waived. Also, after full admonishment, he knowingly and understandingly entered a plea of guilty which destroyed the presumption of his innocence. By the plea, he waived his right to call witnesses in connection with a trial, on the merit of the charges against him.

■ We have fully examined the entire record of the proceedings, as required by Anders v. California, supra, and conclude that the appeal lacks merit, and if pursued further, would be frivolous. Counsel is, therefore, given leave to withdraw as defendant's appellate counsel, and the judgment of the trial court is affirmed.

Judgment affirmed.

MORAN and SEIDENFELD, JJ., concur.